UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
─────────────────────────────────────────

FREDERICK COLON,

         Plaintiff,      Case # 21-CV-6664-FPG

v.

                  DECISION & ORDER

ALEXIS BERMUDEZ, et al.,

         Defendants.
─────────────────────────────────────────

## INTRODUCTION

*Pro se* Plaintiff Frederick Colon brings this civil rights action, alleging that Alexis Bermudez and Daniel Rizzo—police officers with the Rochester Police Department—violated his constitutional rights during his arrest in February 2018. ECF No. 1. After screening, the only claim that remains against Defendants is a claim under 42 U.S.C. § 1983 for excessive force. *See* ECF No. 12 at 17. Defendants now move to dismiss that claim, arguing that Plaintiff's lawsuit is untimely. ECF No. 17. Plaintiff has filed his response, ECF No. 19, and Defendants have filed their reply. ECF No. 20. For the reasons that follow, Defendants' motion is GRANTED.

## LEGAL STANDARD

A complaint will survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) when it states a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A claim for relief is plausible when the plaintiff pleads sufficient facts that allow the Court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. In considering the plausibility of a claim, the Court must accept factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). At the same time, the Court is not required to accord "[l]egal conclusions,

deductions, or opinions couched as factual allegations . . . a presumption of truthfulness." *In re NYSE Specialists Secs. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007).

## DISCUSSION

Because the issue is narrow, the Court need not engage in a full recitation of the relevant allegations. Plaintiff alleges that, on February 25, 2018, Bermudez stopped a vehicle in which Plaintiff was a passenger. ECF No. 1 at 3. Plaintiff alleges that, during that encounter, Bermudez and Rizzo used excessive force against him. *Id.* Plaintiff's *pro se* complaint against Bermudez and Rizzo—which is dated October 14, 2021—was filed in this Court on October 27, 2021. ECF No. 1 at 15.

After screening, the Court allowed only Plaintiff's excessive force claim against Defendants to proceed to service. ECF No. 12 at 17. While not definitively resolving the issue, the Court also highlighted the issues of timeliness and equitable tolling in its screening order. ECF No. 13 at 9, 11-12.

Defendants now argue that Plaintiff's complaint was untimely filed and must be dismissed. The Court agrees.

"Section 1983 actions filed in New York are subject to a three-year statute of limitations." *Helwing v. Pszeniczny*, No. 21-843, 2022 WL 610341, at *2 (2d Cir. Mar. 2, 2022) (internal quotation marks and ellipsis omitted). "A § 1983 claim accrues when the plaintiff knows or has reason to know of the harm." *Id.* (internal quotation marks omitted). Plaintiff's claim for excessive force accrued on February 25, 2018—the date when Bermudez and Rizzo allegedly subjected him to excessive force. *See Mitchell v. Kugler*, No. 97-CV-1801, 2009 WL 160798, at *6 (E.D.N.Y. Jan. 23, 2009) ("A claim for excessive force accrues when the use of force occurred."). Treating

the date of Plaintiff's execution of the complaint as the date of filing, *see Sides v. Paolano*, 782 F. App'x 49, 50 (2d Cir. 2019) (summary order), Plaintiff did not file his *pro se* complaint until October 14, 2021.  Therefore, Plaintiff's complaint was untimely filed under the normal statute of limitations: "[T]he three-year period during which Plaintiff could have properly brought his claims expired on February 25, 2021, but Plaintiff did not bring his claims until almost eight months later on October 14, 2021."  ECF No. 12 at 5.

The Court's analysis does not change even after factoring in the New York Governor's tolling of the state's statute of limitations due to the COVID-19 pandemic.  *See id.* at 6 (discussing applicable executive orders and noting that this Court "must adopt the tolling rules of state law").  The toll lasted from March 20, 2020 to November 3, 2020, or 228 days.[1]  *See id.* at 8; *see also McDonald v. City of New York*, No. 20-CV-4614, 2022 WL 1469395, at *4 (E.D.N.Y. May 10, 2022) (collecting cases).  Accounting for the tolling, Plaintiff had until October 11, 2021 to file his complaint.  Plaintiff did not do so until October 14, 2021, so his complaint remains untimely.

In his opposition memorandum, Plaintiff does not dispute that his complaint is untimely.  *See* ECF No. 19.  Rather, he argues that equitable tolling should be applied.  He alleges that he was not "afforded [sufficient] law library access" to allow him to timely file his complaint.  *Id.* at 1.  Plaintiff states that he could only visit the law library at his facility once per week, and on "numerous occasions" his weekly access was cancelled due to "unforeseen circumstances," including "security matters."  *Id.*  The facility's response to the pandemic also interfered with his ability to access the law library.  *See* ECF No. 10 at 1-2.

---

[1] The Court's arithmetic is slightly, though immaterially, different than that contained in its screening order.  *See* ECF No. 12 at 6-9.

3

"The statute of limitations may be equitably tolled if a plaintiff shows that extraordinary circumstances prevented him from filing his complaint on time and that he acted with reasonable diligence throughout the period he seeks to toll." *Gunn v. McNeil*, No. 19-CV-11821, 2021 WL 6052113, at *3 (S.D.N.Y. Dec. 20, 2021) (internal brackets and quotation marks omitted). "To show [that] extraordinary circumstances prevented a plaintiff from filing his complaint on time, he must demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the plaintiff, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Id.* (internal quotation marks and brackets omitted). "A litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Philips v. Smith*, No. 19-CV-2019, 2021 WL 4224957, at *4 (S.D.N.Y. Sept. 15, 2021) (internal brackets omitted).

As a general matter, "restricted access to library facilities does not merit equitable tolling." *Gunn*, 2021 WL 6052113, at *4; *see also, e.g.*, *Castang v. Geimano*, No. 19-CV-7178, 2020 WL 5531553, at *4 (E.D.N.Y. Sept. 15, 2020) (collecting cases). The reason is that a plaintiff's "lack of education, pro se status, or ignorance of the right to bring a claim"—and thus his need for law-library access—are not, in ordinary circumstances, sufficient to justify equitable tolling. *Watson v. United States*, 865 F.3d 123, 133 (2d Cir. 2017). Equitable tolling is reserved for "unusual circumstances" and is not a "cure-all" for a "common state of affairs." *Id.*; *see also id.* at 133 n.10 (noting that a lack of knowledge of the law is "commonplace for pro se litigants (and for a substantial segment of the population)").

4

Furthermore, Plaintiff does not raise any "novel legal theories" in this case, and he does not claim that his complaint required an unusual amount of "legal or factual research" as to necessitate significant law-library access prior to filing. *Burton v. Harder*, No. 21-CV-1097, 2022 WL 846145, at *4 (N.D.N.Y. Mar. 22, 2022). On its face, Plaintiff's complaint raises several straightforward civil rights claims, sets forth the basic facts related to those claims, and includes several exhibits that appear to come from Plaintiff's associated criminal matter. *See generally* ECF No. 1. Because Plaintiff fails to plausibly allege any facts demonstrating "why visiting the law library was a necessary prerequisite before he could file his complaint," *Castang*, 2020 WL 5531553, at *4, he cannot maintain a claim of equitable tolling, and dismissal of the complaint is appropriate. *See Rivera v. Mucha*, No. 21-CV-316, 2022 WL 1205203, at *5 (D. Conn. Apr. 22, 2022) (declining to dismiss complaint where Plaintiff's claim for equitable tolling merited "further development of the record").

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (ECF No. 17) is GRANTED. The complaint is DISMISSED WITH PREJUDICE, and the Clerk of Court is directed to enter judgment and close the case.

IT IS SO ORDERED.

Dated: October 4, 2022
      Rochester, New York

                                        HON. FRANK P. GERACI, JR.
                                        United States District Judge
                                        Western District of New York